IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard Kough; Brian Littlejohn; Craig Priester; Sterling Harley; Therl Taylor; Roy Sutherland; and Joseph Wilson,<br><br>Plaintiffs,<br><br>v.<br><br>South Carolina Department of Corrections; and Warden Levern Cohen, *individually and/or in his official capacity as warden of Ridgeland Correctional Institution*;<br><br>Defendants. | C/A No. 0:17-2938-JFA-PJG<br><br>**ORDER** |

The plaintiffs filed this action pursuant to 42 U.S.C. § 1983 alleging violations of their constitutional rights, as well as asserting various state law claims. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for pretrial proceedings.

On December 18, 2017, the court held a hearing in this matter on the defendants' motion to dismiss (ECF No. 6) and motion to sever (ECF No. 7). (ECF No. 18.) On December 19, 2017, the court held a conference call and granted the plaintiffs leave to file a Second Amended Complaint dismissing all corrections officer defendants without opposition from the defendants. The defendants' motions to dismiss and sever were terminated as moot with leave to refile them, if necessary, after the Second Amended Complaint was filed. (ECF No. 22.) On January 9, 2018, the plaintiffs filed a Second Amended Complaint. (ECF No. 25.)

This matter is now before the court on the defendants' renewed motion to sever (ECF No. 30), to which the plaintiffs responded in opposition (ECF No. 33). The defendants seek to sever the

claims and causes of action asserted by each separate plaintiff, and alternatively seek to sever the trials of each plaintiff.

Rule 20 governs permissive joinder of parties and provides that "[p]ersons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). "Rule 20 grants courts wide discretion concerning the permissive joinder of parties." Aleman v. Chugach Support Servs. Inc., 485 F.3d 206, n.5 (4th Cir. 2007). Additionally, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966).

Rule 21 provides that a court may "sever any claim against a party." Fed. R. Civ. P. 21. "Under Rule 21, 'a court has virtually unfettered discretion in determining whether or not severance is appropriate.'" Grayson Consulting, Inc. v. Cathcart, No. 2:07-CV-02992-DCN, 2014 WL 1512029, at *2 (D.S.C. Apr. 8, 2014) (quoting 17th St. Assocs., LLP v. Markel Int'l Ins. Co. Ltd., 373 F. Supp. 2d 584, 604 n.9 (E.D. Va. 2005)). The court should consider the following factors in determining whether severance is proper: "(1) whether the issues sought to be tried separately are significantly different from one another; (2) whether the separable issues require different witnesses and different documentary proof; (3) whether the party opposing severance will be prejudiced if it is granted; and (4) whether the party requesting severance will be prejudiced if the claims are not severed." Grayson, 2014 WL 1512029, at *2 (quoting Equal Rights Ctr. v. Equity Residential, 483 F. Supp. 2d 482, 489 (D. Md. 2007)).

*PJG*

Weighing the applicable factors, the court finds that at this time, the plaintiffs have made a sufficient showing that their claims arise out of a series of transactions or occurrences by the defendants and have alleged common questions of law or fact with regard to claims against the defendants. Specifically, the plaintiffs have alleged that, although their alleged assaults occurred at different times and in different factual settings, the claims against the defendants arise from the same set of alleged improper actions by the defendants. Thus, the court does not find the plaintiffs are misjoined at this time. Moreover, applying the factors regarding severance, the court currently perceives sufficient overlap of issues and witnesses to maintain this action as one action at this time. The prejudice factors also weigh in favor of denying the defendants' motion to sever at this time.

Based on the foregoing, the defendants' motion to sever is denied. The court finds it premature to decide at this juncture whether the defendants' alternate request to sever the trials of each plaintiff should be granted, and accordingly, this request is denied without prejudice to renew it at an appropriate time.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 7, 2018
Columbia, South Carolina