IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard Kough,<br><br>Plaintiff,<br><br>vs.<br><br>South Carolina Department of Corrections; Warden Levern Cohen, individually and/or in his official capacity as Warden of Ridgeland Correctional Institution,<br><br>Defendants. | Civil Action No. 0:17-2938-JFA-MGB<br><br>**ORDER** |

## I.   INTRODUCTION

Richard Kough ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 and the South Carolina Tort Claims Act ("SCTCA"), S.C. Code Ann. §§ 15-78-10 *et seq*. (ECF No. 97). Although this case was originally filed as a multi-Plaintiff action on October 31, 2017, the cases were later severed into separate actions. (ECF No. 108).

This matter is before the Court on Defendants South Carolina Department of Corrections' ("SCDC") and Warden Levern Cohen's ("Cohen") Motion for Summary Judgment. (ECF No. 88). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this case was referred to the Magistrate Judge.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") (ECF No. 138) and opines that Defendants' Motion for Summary

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made,

1

Judgment (ECF No. 88) should be granted in part and denied in part. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and the Court incorporates those facts and standards without a recitation.

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, the Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The parties were advised of their right to object to the Report, which was entered on the docket on November 25, 2019. (ECF No. 138). Defendants timely filed Objections (ECF No. 144) on December 9, 2019, and Plaintiff filed a reply on December 23, 2019. (ECF No. 146). Thus, this matter is ripe for the Court's review.

**II.     LEGAL STANDARD**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

---

and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

(1986)). A dispute of material fact is "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248–49.

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. If the moving party meets that burden and a properly supported motion is before the court, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *See* Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 323. All inferences must be viewed in a light most favorable to the non-moving party, but he "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

### III. DISCUSSION

This action arises from an alleged riot that occurred at Ridgeland Correctional Institution ("Ridgeland"). Briefly, Plaintiff alleges that on July 9, 2016 he was beaten and stabbed twice in the back and twice in the head by another inmate which resulted in him being taken to the hospital where he stayed overnight. In the amended complaint filed on January 9, 2018, Plaintiff alleges four causes of action for: (1) injunctive relief pursuant to S.C. Code Ann. § 15-43-30 and 42 U.S.C. § 1983; (2) deliberate indifference against Defendant Cohen pursuant to § 1983; and (3) failure to implement appropriate policies, customs, and practices against Defendant Cohen pursuant to § 1983; and (4) violation of the SCTCA against Defendants SCDC and Cohen. *Id.* Additionally, Plaintiff seeks relief under the "the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution." *Id.*

On April 12, 2019, Defendants filed a Motion for Summary Judgment. In the Report, the Magistrate Judge first suggests that this action should not be dismissed because of the failure of the Plaintiff to exhaust his administrative remedies. She recommends that summary judgment be

denied as to Plaintiff's § 1983 Eighth Amendment claims against Defendant Cohen in his individual capacity, Plaintiff's § 1983 claim for prospective injunctive relief against Defendant Cohen in his official capacity, his state law claims for negligence and gross negligence against Defendant SCDC, and his state law claim for injunctive relief against Defendant SCDC. The Magistrate Judge recommends that the Court grant Defendants' Motion for Summary Judgment on the remainder of Plaintiff's claims such that they are dismissed with prejudice.

For the reasons set forth below, the Court adopts in part and rejects in part the Report and Recommendation and Defendants' Motion for Summary Judgment is granted in part and denied in part.

    a. **Exhaustion of Administrative Remedy Process**

Although the parties do not dispute that Plaintiff has failed to exhaust his administrative remedies prior to filing this suit as required by the Prison Litigation Reform Act ("PLRA"), the Magistrate Judge finds "an issue of material fact as to whether the Inmate Grievance System operated as a 'dead end' in this instance such that the administrative remedy process was unavailable to him…"

While the Court agrees with the Magistrate Judge that the administrative remedy process was effectively unavailable to Plaintiff, it disagrees with the Magistrate Judge's conclusion that the issue of exhaustion presents a question of fact to be decided by a jury. The Fourth Circuit has held that "whether a Plaintiff has properly exhausted all administrative remedies is a pure question of law…" *E.L ex rel. Lorsson v. Chapel Hill-Carrboro Bd. of Educ.*, 773 F.3d 509, 514 (4th Cir. 2014); *Talbot v. Lucy Corr Nursing Home*, 118 F.3d 215, 218 (4th Cir. 1997) (holding that whether plaintiff properly exhausted all administrative remedies is a question of law reviewed de novo). Therefore, the Court may resolve the question of exhaustion without the participation of a jury.

*Woodhouse v. Duncan*, 741 Fed. App'x, 177, 178 (4th Cir. 2018) ("Judges may resolve factual disputes relevant to the exhaustion issue without participation of a jury.").

The Court finds that the administrative remedy process was effectively unavailable to the Plaintiff and therefore, Plaintiff's failure to exhaust does not preclude his claims in this action. "An administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented of availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008).

Plaintiff filed his Step 1 grievance on July 21, 2016, and Mary Montouth ("Montouth"), the Inmate Grievance Coordinator, responded on September 20, 2016, stating that the grievance was being returned to Plaintiff and instructing him to seek an informal resolution of the complaint. However, as the Magistrate Judge correctly points out, it is unclear as to whether an informal resolution was required. The Inmate Grievance System at SCDC requires that inmates initially attempt to resolve grievances informally, however, informal resolution is not required when the matter involves allegations of criminal activity. On the grievance form, Montouth instructs Plaintiff to seek an informal resolution but at her deposition she testified that an inmate alleging criminal activity does not have to file an informal resolution.

In their Objections to the Report, Defendants argue that Plaintiff failed to exhaust his administrative remedies because he did not follow Montouth's instructions and seek an informal resolution. Defendants attempt to argue that an informal resolution was clearly required because his complaint did not involve criminal activity. Defendants seem to suggest that because Plaintiff's attack was at the hands of other inmates, third parties, and not SCDC, it was not criminal activity requiring a Step 1 grievance. However, the Court disagrees because the assault on Plaintiff was criminal activity—regardless of the perpetrator. On the other hand, even assuming Plaintiff's

5

grievance did not actually allege criminal activity, then the instruction by Montouth to seek informal resolution was still in error. As the Magistrate Judge states "[i]f an inmate files a Step 1 grievance that does not involve criminal activity, the Warden is required to respond within 45 days and advise the inmate of his right to appeal to the next level." The Warden did not respond to Plaintiff and Plaintiff was never advised of his right to appeal to the next level.

Further, Defendants argue that Plaintiff's Step 1 grievance was unnecessary because SCDC "was already aware it had occurred and had taken steps to investigate what happened." This argument also lacks merit. In Plaintiff's grievance form as quoted by the Magistrate Judge, Plaintiff stated that he was stabbed and "there was no C.O. to protect or help us." Then, under "action requested" on the form, he wrote "hire more staff." Defendants' argument suggests that no inmate should ever file a grievance about an occurrence in the prison when they are investigating the same. This argument assumes that inmates and SCDC personnel discuss ongoing investigations to such an extent that the inmates would have sufficient knowledge of the details to believe that filing a grievance on the same matter would be unnecessary. The Court is unwilling to make this same assumption. Further, Plaintiff's grievance encompasses more than a complaint about his attack because it also addresses his concerns regarding SCDC's allegedly inadequate staffing. There is no evidence that Plaintiff would have knowledge about SCDC's staffing requirements or protocol.

Finally, Defendants object to the Magistrate Judge's conclusion that it was unclear how Plaintiff should have appealed his Step 1 grievance "given the lack of clarity as to whether the response to [his] Step 1 grievance constituted an appealable decision by Warden Cohen." Defendants argue the instructions were clear that Plaintiff should have refiled his grievance within eight days of receiving a response. However, the Court disagrees. The Court finds Montouth's

instructions confusing especially when considered together with her contradictory deposition testimony and excerpts from the SCDC grievance procedures quoted in the Report and Recommendation. First, the response states "[i]f you wish to continue with the processing of your grievance then you must seek an Informal Resolution and return your new grievance with the details of the Informal Resolution…" It is unclear what "new grievance" the instruction is referring to, especially, because it goes on to state "[y]ou have 8 days to re-file your grievance after receiving a response." In one sentence, it instructs Plaintiff to file a new grievance and then in the next sentence, it instructs Plaintiff to re-file his original grievance. Not only were the instructions ambiguous, but according to Defendant SCDC's own grievance procedures, they were also incorrect.[2]

Therefore, the Court adopts in part and rejects in part the Report and Recommendation. The Court declines to adopt the Magistrate Judge's conclusion that the issue of exhaustion presents a question of fact to be decided by a jury because the Fourth Circuit has established that it is an issue of law. The Court agrees with the Magistrate Judge's conclusion that Plaintiff's administrative remedies were effectively unavailable and finds that Plaintiff's failure to exhaust does not bar this suit. Defendants' Motion for Summary Judgment based on non-exhaustion is denied and the Court proceeds to the merits of Plaintiff's claims.

### b. Eleventh Amendment Immunity

The Magistrate Judge recommends that the Court grant Defendants' Motion for Summary Judgment based on Plaintiff's § 1983 claim for injunctive relief against Defendant SCDC and §

---

[2] The Inmate Grievance System states that if an inmate files a Step 1 grievance that does not involve criminal activity then the Warden is required to respond in writing within 45 days and advise the inmate of his right to appeal to the next level. (ECF No. 138). Here, Ms. Montouth responded and instructed Plaintiff to seek an informal resolution which conflicts with the Inmate Grievance System procedure.

1983 claim for monetary damages against Defendant Cohen in his official capacity because the Eleventh Amendment bars these claims.). However, the Magistrate Judge makes clear that the Eleventh Amendment does not bar Plaintiff's § 1983 claim for prospective injunctive relief against Defendant Cohen in his official capacity and the Court should deny Defendants' Motion on this ground. *Id.* Defendants did not file objections on this ground and in his Response to Defendants' Objections, Plaintiff requests the Court adopt the Report and Recommendation in full. In the absence of specific objections to the Report of the Magistrate Judge, the Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Therefore, the Court adopts the Report and Recommendation and grants Defendants' Motion for Summary Judgment based on Plaintiff's § 1983 claims against Defendant SCDC for injunctive relief and against Defendant Cohen for monetary damages in his official capacity. Defendants' Motion for Summary Judgment is denied based on Plaintiff's § 1983 claim for prospective injunctive relief against Defendant Cohen in his official capacity.

### c. Constitutional Claims against Defendant Cohen

Plaintiff brings several claims for constitutional violations pursuant to § 1983 against Defendant Cohen. As laid out in the Report and Recommendation, Plaintiff alleges that Defendant Cohen deprived him of his rights, as guaranteed by the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, due process of law and to be free from cruel and unusual punishment. Additionally, Plaintiff seeks relief under the Seventh Amendment of the United States Constitution. The Court will address each of Plaintiff's claims in turn.

### i. Plaintiff's Fifth and Fourteenth Amendment Rights

The Magistrate Judge recommends granting Defendants' Motion for Summary Judgment on Plaintiff's claims for violation of his Fifth and Fourteenth Amendment rights. Plaintiff alleges that "Defendants failed to protect the Plaintiff from violence in violation of the Plaintiff's Fifth, Eighth, and Fourteenth Amendments." Plaintiff's claims are based on allegations of Defendant Warden Cohen's deliberate indifference and failure to adequately train and supervise SCDC employees. However, as the Report sets out, Plaintiff is a state prisoner not a pretrial detainee and as such, his claims implicate the Eighth Amendment's protection against cruel and unusual punishment, not the Fourteenth Amendment's requirement of due process.

Defendants did not file objections on this ground and in his Response to Defendants' Objections, Plaintiff requests the Court adopt the Report and Recommendation in full. In the absence of specific objections to the Report of the Magistrate Judge, the Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Therefore, the Court adopts the Report and Recommendation on this ground and grants Defendants' Motion for Summary Judgment based on Plaintiff's claims for violation of his Fifth and Fourteenth Amendment rights.

### ii. Plaintiff's Seventh Amendment Rights

The Magistrate Judge recommends granting Defendants' Motion for Summary Judgment on Plaintiff's claims for violation of his Seventh Amendment rights. As the Magistrate Judge correctly points out, the Seventh Amendment guarantees the right to a jury trial and the amended complaint does not allege how Defendant Cohen has violated Plaintiff's Seventh Amendment right. Defendants did not file objections on this ground and in his Response to Defendants' Objections, Plaintiff does not further explain this allegation and simply requests that the Court

adopt the Report and Recommendation in full. Therefore, the Court adopts the Report and Recommendation and grants Defendants' Motion for Summary Judgment based on Plaintiff's claim for a violation of his Seventh Amendment right.

### iii. Plaintiff's Eighth Amendment Rights

The Magistrate Judge Recommends that the Court deny Defendants' Motion for Summary Judgment based on Plaintiff's Eighth Amendment claims against Defendant Cohen. The Magistrate Judge also concludes that Defendant Cohen is not entitled to qualified immunity because there is a genuine issue of material fact as to whether Defendant Cohen violated Plaintiff's clearly established rights.

In the amended complaint, Plaintiff alleges that Defendant Cohen acted "in a deliberate indifferent manner" by "allowing uncontrolled violence in the correctional institution"; "failing to provide protection and security for the Plaintiff"; and "allowing inmates to have dangerous weapons." Additionally, Plaintiff alleges Defendant Cohen failed to adequately train and supervise SCDC employees, and he "implicitly or explicitly, adopted and implemented careless and reckless policies, customs, and practices, including…failing to prevent inmates from obtaining and possessing dangerous weapons."

Defendants filed three objections to the Report on this ground which the Court will address in turn.

### 1. The Magistrate Judge Relies on Inapplicable Authorities.

In their Objections, Defendants argue that the Magistrate Judge relies on two cases to support its finding that a genuine issue of material fact exists as to Plaintiff's Eighth Amendment and state law claims and both cases are distinguishable from the case at bar. The Court disagrees.

The Magistrate Judge cites to *Wynn v. Perry* to support its recommendation of denying summary judgment as to Plaintiff's Eighth Amendment claims. No. 3:14-CV-625-FDW, 2018 WL 1077321, at 28 (W.D.N.C. Feb. 27, 2018). In *Wynn*, the Court found a genuine issue of material fact existed as to the plaintiff's Eighth Amendment failure to protect claim because the plaintiff was able to show that a "substantial risk of serious harm was longstanding, pervasive, and well-documented before the attack on him occurred." *Id.* According to Defendants, *Wynn* can be distinguished from the case at hand because in *Wynn,* that court noted that the defendant prison administrator "had access to tools for reducing the danger in the house units and there is a genuine dispute with regards to whether he took reasonable actions to reduce the threat to inmates' safety." *Id.* Whereas, here, Defendants assert Plaintiff has failed to offer evidence that Defendant Cohen had access to tools for reducing any potential danger to Plaintiff.

The Magistrate Judge points out that the Roth Report[3] "makes a number of recommendations for an 'effective prevention and detection plan' to decrease the number of contraband related incidents and incidents of assault." However, "there is no evidence in the record that Defendant Cohen ever took steps such as those recommended in the Roth Report…" Additionally, Plaintiff was attacked after Lieutenant Oscar Torres ("Torres") opened all the cell doors in one wing of a housing unit and then, left to unlock the doors in another wing. Despite Defendant Cohen testifying that if a correctional officer must leave their assigned wing, they should first secure the wing by locking all the cell doors, there is no evidence that he addressed Torres' violation after Plaintiff's attack.

---

[3] The "Roth Report" was drafted by Tom Roth in March of 2018 in connection with a settlement of another case against SCDC (the "Mental Health Settlement"). It analyzes 13 SCDC institutions, including Ridgeland where Plaintiff was located when he was attacked. The report provides a "security staffing assessment" based on documentation reviews, staff interviews, and on-site assessments.

Viewing the facts in the light most favorable to Plaintiff, the Court finds there is a genuine dispute with regards to whether Defendant Cohen had access to tools for reducing potential danger to inmates and then used those tools to take reasonable action to reduce the risk of threat to inmates' safety. Therefore, the Court overrules Defendant's objection and finds that the Magistrate Judge's reliance on *Wynn v. Perry* is proper.

Defendants next argue that Plaintiff has failed to establish that Defendant Cohen was aware of a "substantial risk of serious harm that was longstanding, pervasive, and well documented before the alleged assault on him occurred." In *Wynn*, the court concluded that the defendant prison administrator was sufficiently aware of a substantial risk of harm when he learned "via PA announcements, emails, phone calls, and incident reports, that inmate-on-inmate attacks with contraband weapons frequently occurred in the prison." *Id.* Similarly, Defendant Cohen testified that he reviews contraband reports, has weekly briefing regarding the ongoing issues of security in his facility, reviews inmate's grievances regarding assaults and criminal activity, and reviews the compliance audits.

The Court finds that the circumstantial evidence in the instant action is sufficiently similar to the evidence presented in *Wynn* to overrule Defendants' objection on this ground. There is a genuine dispute with regards to whether Defendant Cohen was aware of a substantial risk of serious harm that was longstanding, pervasive, and well documented before Plaintiff's assault occurred. Therefore, the Court finds the Magistrate Judge's reliance on Wynn v. Perry is proper, and thus, Defendants' objection is overruled.

The Magistrate Judge also cites to *Hollabaugh v. Cartledge* to support the recommendation of denying summary judgment as to Plaintiff's Eighth Amendment claims. No. 9:14-CV-1324-BHH-BM, 2016 WL 11423538 (D.S.C. May 7, 2016). In *Hollabaugh v. Cartledge*, that court

found a genuine issue of material fact as to the plaintiff's Eighth Amendment failure to protect claim against the defendant warden and defendant associate warden where the plaintiff alleged he was beaten and stabbed by other inmates after his cell door was left unlocked and unsecured in violation of SCDC policy. *Id.* The Court finds that the Magistrate Judge's reliance on *Hollabaugh* is also proper.

In their Objections, Defendants argue that *Hollabaugh* is distinguishable from the case at hand because here there is not an SCDC policy or procedure at issue. Rather, Defendants argue this case presents the question of supervisory liability and there is no evidence in the record to establish the requisite elements for this claim. However, the Court finds these concepts are not mutually exclusive. The instant case presents the question of supervisory liability based on an alleged violation of Ridgeland policy which may have led to Plaintiff's attack.

Plaintiff was attacked after Officer Torres opened all the cell doors in one wing of a housing unit where Plaintiff was located and then left to unlock the doors of another wing. Plaintiff provided an SCDC document specific to Ridgeland titled "Security Post Description Number 35: Specific Institutional Housing Unit Officer" which specifies that a "Housing Unit Officer's duties include: 'officer will remain on assigned wing at all times to maintain sight and sound of inmates'; 'Housing unit officers may not leave this post until properly relieved.'" As pointed out by the Magistrate Judge, per the Post Order, Torres should have never left the first wing and by doing so, he violated Ridgeland policy.

The Magistrate Judge points to *Hollabaugh* because those defendants presented an argument similar to the Defendants' argument in the instant case. In *Hollabaugh*, defendants argued "that they had no prior notice that Plaintiff was in danger or would be subjected to attack prior to the incident occurring." *Id.* at 8. However, the Court in *Hollabaugh* rejected this argument

13

because the "plaintiff presented evidence sufficient to create an inference that the defendants were aware of the dangerous conditions" which were created by "their own policies and customs relating to cell access and freedom of movement…" *Id.* The Magistrate Judge uses *Hollabaugh* to demonstrate that Defendants' argument lacks merit and as such, their Motion for Summary Judgment should be denied on this ground. Like in *Hollabaugh*, the Plaintiff has also presented evidence sufficient to create a genuine dispute as to whether Defendants were aware of the dangerous conditions within Ridgeland. Therefore, the finds the Magistrate Judge's reliance on *Hollabaugh v. Cartledge* is proper, and thus, Defendants' objection is overruled.

### 2. The Roth Report is Misconstrued and Taken without Context.

In their Objections, Defendants argue that the Magistrate Judge simply accepts Plaintiff's presentation of the Roth Report as evidence and improperly uses it as support in denying Defendants' Motion for Summary Judgment. Defendants assert that the Magistrate Judge uses the Roth Report to conclude that Defendants should have been aware of the understaffing issues at Ridgeland and that those issues would result in Plaintiff's being assaulted. Defendants contend this conclusion is improper because Plaintiff's attack occurred in July of 2016, and Mr. Roth did not visit Ridgeland until September 2017.

The Court disagrees with Defendants' argument. While Mr. Roth may not have physically visited Ridgeland until September 2017, his report includes a chart of security staff levels at Ridgeland from 2011 to 2018. As the Magistrate Judge pointed out, the chart shows a "24% decrease in available staff from January 1, 2013 to January 1, 2018." Further, the Roth Report concludes that there is a correlation between the decrease in staffing and increase in contraband related incidents and incidents of assaults. Presuming all of Plaintiff's evidence is credible, including the Roth Report, a site visit does not appear to have been necessary for Mr. Roth to

14

perform his analysis or come to his conclusions. *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir. 1990). Therefore, the Court finds the Magistrate Judge's reliance on the Roth Report is proper, and thus, overrules Defendants' objections.

### 3. Prior Inmate-on-Inmate Assaults are Inadequate to give Rise to Supervisory Liability.

In their Objections, Defendants argue that Defendants notice of understaffing issues is insufficient to constitute notice in a gross negligence or deliberate indifference analysis. Defendants assert that the application of "general notice" on a correctional institution is imposing a strict liability standard which is improper. *Id.* Additionally, Defendants argue there is no evidence supporting the contention that the prior number of assaults and contraband violations correlate to inmate-on-inmate violence.

The Court does not find Defendants' arguments to be novel or persuasive. In their Motion for Summary Judgment, Defendants argued Plaintiff "cannot establish the subjective element necessary to evince an Eighth Amendment violation because no one, outside of Plaintiff's assailants knew he would be assaulted." Further, Defendants contend that "Plaintiff's argument that Defendants had generalized knowledge of contraband and staffing issues and then disregarded these issues, creating an excessive risk of harm to the health and safety of all inmates within SCDC confinement, lacks both factual and legal support." *Id.* The Magistrate Judge has already rebutted these arguments and the Court finds Defendants' Objections fail for the same reason.

As the Magistrate Judge has previously explained, "a prison official demonstrates deliberate indifference if he 'knows of and disregards an excessive risk to inmate health and safety.'" *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991). "A prison official's subjective actual knowledge can be proven through circumstantial evidence, for example, that the substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison

officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concern the risk and thus 'must have known' about it." The Magistrate Judge has cited to ample evidence to support Plaintiff's argument that a genuine dispute exists as to whether Defendants were deliberately indifferent.

Additionally, Defendants' argument that there is no evidence supporting the contention that the prior number of assaults and contraband violations correlate to inmate-on-inmate violence is incorrect and lacks merit. The Magistrate Judge specifically cited to the Roth Report which demonstrates that "Ridgeland was severely understaffed during the time period relevant to this case; that the staffing levels directly impacted the number of contraband related incidents and incidents of assault; and that Ridgeland experienced a higher than average number of contraband related incidents and incidents of inmate-on-inmate assault." Additionally, the Magistrate Judge referred to Mr. Aiken's opinion testimony which "indicates that the number of contraband related incidents and the staffing levels at Ridgeland prior to the incident at issue should have given Cohen the requisite notice of a threat to Kough's safety." To the extent that Defendants disagree with these opinions, that is an issue of fact for trial and not a reason to overrule the Magistrate Judge's findings. The Court finds that the Report's analysis of the Roth Report, Mr. Aiken's opinion testimony, and cited authority support the Magistrate Judge's conclusions and thus, Defendants' objections are overruled.

### 4. Plaintiff's Expert is Given Undue Weight.

In their Objections, Defendants argue that the Magistrate Judge improperly relies on Plaintiff's expert witness' conclusion that the number of contraband related incidents and staffing levels at Ridgeland should have put Defendant Cohen on requisite notice of a threat to Plaintiff's safety. Defendants contend that there is no correlation between contraband weapons and an assault

16

by one inmate on another. Further, Defendants suggest that Defendant Cohen was not on notice of a threat to Plaintiff's safety simply because another inmate-on-inmate assault occurred at Ridgeland prior to Plaintiff's attack.

As to this ground, the Court overrules Defendants' objection. At trial, the jury will be tasked with evaluating the Plaintiff's expert's credibility and deciding what weight to give to his testimony, in light of this Court's instructions on the law. *United States v. Dorsey*, 45 F.3d 809, 815 (4th Cir. 1999); *Samuel v. Ford Motor Co.*, 112 F. Supp.2d 460, 469 (D. Md. September 1, 2000). At this stage, Plaintiff is entitled to have the credibility of all his evidence presumed. *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir. 1990). The Court finds that the Magistrate Judge's reliance on Plaintiff's expert opinion is proper, and thus, Defendants' objection is overruled.

### d. Plaintiff's State Law Claims for Violation of SCTCA

The Magistrate Judge recommends that Defendant SCDC is the proper Defendant with respect to Plaintiff's state law claims for negligence and gross negligence, and that Defendants' Motion for Summary Judgment should be denied as to these claims. The SCTCA provides that a governmental entity can be held liable for a loss resulting from a "responsibility or duty including but not limited to supervision, protection, control, confinement, or custody of any…prisoner [or] inmate…of any governmental entity…when the responsibility or duty is exercised in a grossly negligent manner." S.C. Code Ann. § 15-78-60(25) (2005). Gross negligence is a mixed question of law and fact and should be presented to the jury unless the evidence supports only one reasonable inference. *Bass v. S.C. Dep't of Soc. Servs.*, 414 S.C. 558, 571, 780 S.E.2d 252, 259 (2015).

The Court agrees with the Report and Recommendation and finds that there is a question of fact as to whether Defendant SCDC is liable for the alleged negligence or gross negligence of

Defendants Cohen and Torres. Defendants did not file objections on this ground and in his Response to Defendants' Objections, Plaintiff requests the Court adopt the Report and Recommendation in full. In the absence of specific objections to the Report of the Magistrate Judge, the Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Therefore, the Court adopts the Report and Recommendation and denies Defendants' Motion for Summary Judgment as to Plaintiff's state law claims for violation of the SCTCA.

### e. Injunctive Relief

The Magistrate Judge recommends that the Court deny Defendants' Motion for Summary Judgment based on Plaintiff's claim for temporary and permanent injunctive relief against Defendant SCDC and Defendant Cohen in his official capacity. In their Objections, Defendants argue that the Magistrate Judge fails to explain how Plaintiff lacks an adequate remedy at law or will suffer irreparable harm if the injunction is not issued. Defendants also assert that the Report errs in concluding that Plaintiff's request for injunctive relief is not mooted by his transfer to a different correctional institution.

Defendants' presented identical arguments in their Motion for Summary Judgment. The Magistrate Judge has already addressed Defendants' arguments. As to Plaintiff's alleged failure to establish an inadequate remedy at law, the Magistrate Judge explained that monetary damages are not an adequate remedy because Plaintiff's allegations involve the alleged inadequate safety and security within SCDC. When considering the evidence in the record, the Court agrees with Plaintiff's argument that monetary damages cannot replace Plaintiff's potential loss of life due to the potential threat to his safety he faces while incarcerated in an SCDC institution.

For this same reason, Plaintiff's transfer to another SCDC correctional institution does not moot his claim. He still faces a potential risk of harm regardless of the institution in which he is incarcerated because all institutions are controlled by Defendant SCDC. The Magistrate Judge points to the Roth Report as persuasive evidence that the alleged lack of adequate staffing and incidents of contraband and assaults may not just be issues at Ridgeland, but rather, at all 13 SCDC institutions. Therefore, the Court adopts the Report and Recommendation and denies Defendants' Motion for Summary Judgment as to Plaintiff's request for injunctive relief.

## IV. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the thorough Report and Recommendation, and the objections thereto, the Court adopts in part and rejects in part the Report and Recommendation. (ECF No. 138). The Court adopts the Report and denies Defendants' Motion for Summary Judgment on the following grounds: (1) Plaintiff's claims on the issue of exhaustion; (2) Plaintiff's § 1983 Eighth Amendment claims against Defendant Cohen in his individual capacity; (3) Plaintiff's § 1983 claim for prospective injunctive relief against Defendant Cohen in his official capacity; (4) Plaintiff's state law claims for negligence and gross negligence against Defendant SCDC; and (5) Plaintiff's state law claim for injunctive relief against Defendant SCDC. Additionally, the Court adopts the Report and grants Defendants' Motion for Summary Judgment as to the remainder of Plaintiff's claims which are dismissed with prejudice. However, the Court declines to adopt the Report's conclusion that the issue of exhaustion presents a question of fact to be decided by the jury because the Fourth Circuit has established that it is an issue of law.

This case will be set for trial for the July/August 2020 term of court with jury selection on July 7, 2020 and trial beginning on July 8, 2020. The Court will issue a scheduling order setting forth

the pretrial obligations of the parties for matters such as exhibits, witness lists, and motions in limine. This case has been pending for nearly three years with multiple extensions of time and discovery extensions. The deadlines in the forthcoming trial schedule are all required in the Local Rules for the district and will not be extended.

    IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

March 17, 2020  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge